**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:55 PM February 17, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| REBECCA VOTAW, | ) CASE NOS. 10-63744 and 10-64405 |
| | ) (Jointly Administered) |
| Debtor. | ) |
| _____ | ) ADV. NO. 11-6087 |
| JOSIAH L. MASON, | ) |
| | ) JUDGE RUSS KENDIG |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OCWEN LOAN SERVICING, LLC, et al., | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT INTENDED FOR** |
| | ) **PUBLICATION)** |
| Defendants. | ) |
| | ) |

On January 5, 2012, Defendant Ocwen Loan Servicing, LLC ("Ocwen") filed a motion for summary judgment ("motion"). Plaintiff filed a response to Ocwen's motion on January 20, 2012.[1] Along with his response, Plaintiff also filed a cross-motion for summary judgment ("cross-motion"). Ocwen filed a reply to Plaintiff's response and a response to Plaintiff's cross-motion on January 25, 2012. Plaintiff, on February 1, 2012, filed a reply to Ocwen's response. The competing motions are now before the court.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C.

---

[1] The court recognizes that pursuant to Local Rule 9013-1, Plaintiff had 14 days from the date of service of Ocwen's motion to respond. Ocwen served its motion on January 5, 2012 and, thus, Plaintiff's response was due by January 19, 2012. The court will consider Plaintiff's response.

§ 157(b)(2)(F), (K), and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

The Debtors to this adversary proceeding are Rebecca Votaw, who filed a voluntary petition seeking relief under chapter 7 of Title 11 on August 30, 2010 (bankruptcy case no. 10-63744), and Robert Richard Votaw, who filed a voluntary petition seeking relief under chapter 13 of Title 11 on October 28, 2010 (bankruptcy case no. 10-64405). The court entered an order for joint administration on September 12, 2011 declaring the lead case to be 10-63744, Ms. Votaw's case.

Plaintiff filed the above captioned adversary proceeding on October 31, 2011 seeking to avoid the mortgage held by Ocwen in Debtors' real property pursuant to 11 U.S.C. § 544 and to avoid the transfer of an interest in real property to Ocwen as a preference pursuant to 11 U.S.C. § 547.

On November 9, 2011, Mr. Votaw acquired the real property in dispute in this adversary proceeding, 1576 State Route 602, Galion, Ohio. The property consisted of two tracts of land, a 6.449 acre tract and a 12.618 acre tract. At some point after Mr. Votaw obtained the property, he sold one parcel (1.9151 acres) of the 12.618 acre tract to Crawford County Commissioners and one parcel (1.3287 acres) of the 12.618 acre tract to the State of Ohio. On September 10, 2003, Mr. Votaw conveyed the remaining property to himself and Ms. Votaw. On April 20, 2006, the Votaws granted a mortgage to a mortgagee which assigned the mortgage to Ocwen on March 16, 2010. On March 22, 2010, Ocwen filed a complaint in foreclosure with reformation in the Court of Common Pleas for Crawford County, Ohio. A decree of foreclosure was entered on June 28, 2010 and a sheriff sale of the property was scheduled for September 10, 2010. When Ms. Votaw filed her bankruptcy on August 30, 2010, the sheriff sale was cancelled.

Two issues relating to Ocwen's mortgage give rise to Plaintiff's complaint to avoid Ocwen's lien under § 544. First, when Mr. Votaw conveyed the property to himself and Ms. Votaw, the vesting deed incorrectly listed the property as "1578 State Route 602, Galion, Ohio," when it should have listed the property as "1576 State Route 602, Galion, Ohio." Despite the incorrect street address, the vesting deed contained the correct legal description of the property and the correct parcel numbers of the property.

Second, the mortgage contains an incorrect legal description for the property. Specifically, the mortgage contains the legal description for the two parcels that Mr. Votaw conveyed to Crawford County Commissioners and the State of Ohio, not the legal description for the parcels of the property that Mr. Votaw retained. Despite the incorrect legal description, the mortgage contained the correct street address and did not contain any parcel numbers.

Plaintiff, in his complaint, asserts the power to avoid Ocwen's mortgage pursuant to § 544(a)(3). Alternatively, Plaintiff seeks the power to avoid Ocwen's mortgage pursuant to § 544(a)(1). Upon avoidance of the mortgage, Plaintiff seeks to have the avoided mortgage preserved pursuant to § 551 for the benefit of the estate and seeks to sell the property free and clear of any interest of Defendants pursuant to § 363(f) and (h). Finally, Plaintiff asserts that, to the extent that *lis pendens* applies, he seeks to avoid the transfer of

2

any interest to Ocwen as a preference pursuant to § 547.

Ocwen filed its motion seeking summary judgment on three grounds against Plaintiff. First, whether the mortgage is valid under the Sixth Circuit decision of In re Bunn. Second, whether *lis pendens* applies to defeat Plaintiff's claims as a bona fide purchaser pursuant to 11 U.S.C. § 544(a)(3). Third, whether the foreclosure decree constitutes a preference as it relates to Ms. Votaw's bankruptcy case. Plaintiff sets forth one additional legal issue: whether he may avoid the mortgage as a judicial lien creditor pursuant to 11 U.S.C. 544(a)(1).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a), applicable to this proceeding by way of Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is not appropriate if a material dispute of the facts arises such that a "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In this case, no material facts are in dispute. Thus, summary judgment is appropriate.

## LAW AND ANALYSIS

*A.*  *In re Bunn*

In the Sixth Circuit, it has been established that "a recorded mortgage that contains the street address of residential property–but not the legal description of the parcel of land–is sufficient to preclude the setting aside of the otherwise-valid mortgage in bankruptcy court." Argent Mortg. Co., LLC v. William Todd Drown (In re Bunn), 578 F.3d 487, 487 (6th Cir. 2009); *accord* Mason v. Szerwinski (In re Swerwinski), Case No. 09-64294, Adv. No. 10-6009, 2010 Bankr. LEXIS 2601, at 13 (Bankr. N.D. Ohio Aug. 5, 2010).

Ocwen argues in its motion that the decision in Bunn is dispositive on the issue of whether Ocwen's mortgage is valid due to the incorrect legal description contained in the mortgage. Ocwen notes that Bunn holds that a legal description is not required for a mortgage to provide constructive notice. Since Ocwen's mortgage contains a correct street address, Ocwen asserts that its mortgage provided constructive notice to a hypothetical bona fide purchaser despite the incorrect legal description. Exclusive of Bunn and case law citing Bunn, Ocwen cites no other case law in support of its position.

Plaintiff argues that Bunn does not control because the facts of the instant case are distinguishable from the facts of Bunn. In Bunn, the recorded mortgage provided a correct parcel number and street address and simply left the legal description blank. In the instant case, the mortgage provides a correct street address, no parcel numbers, and an incorrect legal description. Plaintiff argues that the differences in the facts are sufficient to distinguish this case from Bunn. Further, Plaintiff also asserts that because the vesting deed states an incorrect address, none of the descriptions on Ocwen's mortgage match the descriptions on the vesting deed. In support of these assertions, Plaintiff cites several cases that give separate treatment to cases with facts

3

distinguishable from Bunn.

The court agrees with Plaintiff and finds that the instant case is distinguishable from Bunn. Ocwen's mortgage lists a correct street address, no parcel numbers, and an incorrect legal description. The vesting deed lists an incorrect street address, correct parcel numbers, and a correct legal description. As Plaintiff points out, none of the descriptions on the vesting deed match the descriptions on Ocwen's mortgage. The court is bothered by this fact. If the legal description had simply been omitted on the mortgage, then Ocwen's argument would have more teeth and Bunn would be directly applicable. Similarly, if the street address on the vesting deed had been correct, then Ocwen's argument might stand up and Bunn may apply. Finally, if the mortgage had included a parcel number, then, again, Ocwen may have a winning argument on this point and Bunn may apply. However, with the facts as they are, the instant matter is profoundly, compoundly distinguishable from Bunn.

In Jahn v. Bank of Am., N.A. (In re Lawson), the deed of trust included the correct street address, as well as an incorrect legal description and a second incorrect street address. No. 10-11001, 2011 Bankr. LEXIS 1129, at 25-27 (Bankr. E.D. Tenn. Mar. 27, 2011). The court distinguished these facts from the facts in Bunn because two addresses were contained in the deed of trust, rendering it ambiguous. Id. at 29. The court found that, because only alteration by deletion could clear up the ambiguity, which was not allowed, the trustee could avoid the deed of trust under § 544(a). Id. at 33, 36.

Ocwen argues that Lawson does not distinguish Bunn because Tennessee law requires mortgages to include a legal description, while Ohio law requires only a description, but not specifically a legal description. As Plaintiff notes, Ocwen is mistaken on this point. Tennessee law, according to Lawson, "requires that instruments conveying an interest in property include a description of the property." Id. at 24 (quoting CC Holdings (Tenn.), Inc. v. Tenn. Gas Transp. Inc. (In re Tenn. Gas Transp., Inc.), 036 B.R. 643, 644-45 (Bankr. M.D. Tenn. 1994)); accord Tenn. Code Ann. § 66-5-103. The only distinguishable fact between Lawson and the instant matter is that the deed of trust in Lawson contained two street addresses, one correct and the other incorrect, while Ocwen's mortgage contains only one street address. The court recognizes that this difference could distinguish the instant case from Lawson. But the court is not convinced for one reason: the street address on Ocwen's mortgage is different from the street address in the vesting deed. This ambiguity is similar enough to the facts of Lawson that the court follows in the steps of Lawson to find Bunn distinguishable from the instant matter.

Similarly, in the case of Hanrahan v. Univ. of Iowa Comty. Credit Union (In re Thomas), the mortgage contains an accurate and complete legal description, but it legally describes property other than the property being mortgaged. 387 B.R. 4, 7 (Bankr. N.D. Iowa 2008). The court opined that "if a legal description is so inaccurate or faulty as to be actually misleading, it does not constitute constructive notice to third party. This is true of all cases in which the mortgage contains a correct legal description but describes a parcel other than the subject property." Id. at 10. On that basis, the court found that the trustee was entitled to recover the property. Id. at 11.

Ocwen asserts that, like in Lawson, Thomas is distinguishable from the instant case because Iowa law requires a legal description in the mortgage. Ocwen, again, is mistaken on this point. As Plaintiff points out, Iowa Code, § 558.60, does not require a legal description; it only requires "[t]he description of the real estate conveyed." Iowa

4

Code § 558.60. The court finds no distinguishable facts between the instant case and Thomas. To be sure, the facts are nearly identical. In both fact patterns, the mortgage contains a legal description for property not being mortgaged and not owned by the mortgagor. Therefore, the instant matter is distinguishable from Bunn.

For these reasons, the court finds that Bunn does not apply to the instant case and, thus, Ocwen's mortgage was not valid at the time of execution. Ocwen is not entitled to summary judgment on this issue.

B.      Lis Pendens *and 11 U.S.C. § 544(a)(3)*

Having found that Ocwen's mortgage was not valid at the time of execution, the court must now determine whether Plaintiff may avoid Ocwen's mortgage pursuant to § 544(a)(3) or whether Plaintiff was charged with constructive notice of Ocwen's interest as a result of the foreclosure action pursuant to Ohio's *lis pendens* statute.

Section 544(a)(3) of Title 11 provides in pertinent part

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by... a bonafide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). Thus, a trustee "is entitled to avoid [the] mortgage under Section 544(a)(3) if a hypothetical bona fide purchaser would be able to avoid the mortgage." Simon v. Chase Manhattan Bank (In re Zaptocky), 250 F.3d 1020, 1024 (6th Cir. 2001); *accord* Rogan v. Am. Gen. Home Equity, Inc. (In re Brockman), 451 B.R. 421 (B.A.P. 6th Cir. 2011) (trustee, being considered a bona fide purchaser, may avoid certain obligations placed on property if the obligations are voidable under state law). Any transfer under § 544 is preserved for the benefit of the estate. 11 U.S.C. § 551.

"The rights of a bona fide purchaser are determined by applicable state law." Brode v. DeGirolamo (In re Brode), Case No. 09-64821, Adv. No. 10-6032, 2010 Bankr. LEXIS 2761, at 6 (Bankr. N.D. Ohio Sept. 3, 2010) (citing Owens-Ames-Kimball Co. v. Mich. Lithographing Co. (In re Mich. Lithographing Co.), 997 F.2d 1158, 1159 (6th Cir. 1993). Pursuant to Ohio law, "a bona fide purchaser is a purchaser who 'takes in good faith, for value, and without actual or constructive knowledge of any defect.'" Helbling v. Cleary (In re Cleary), Case No. 09-14900, Adv. No. 09-1285, 2010 Bankr. LEXIS 2156, at 8-9 (Bankr. N.D. Ohio July 1, 2010) (quoting Stubbins v. Am. Gen. Fin. Servs. (In re Easter), 367 B.R. 608, 612 (Bankr. S.D. Ohio 2007)); *accord* Shaker Corlett Land Co. v. Cleveland, 139 Ohio St. 536 (1942).

Ocwen argues that § 544(a)(3) is not applicable because Plaintiff has constructive notice as a bona fide purchaser under Ohio's *lis pendens* statute.

Ohio's *lis pendens* statute provides that "[w]hen a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no

5

interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." Ohio Rev. Code Ann. § 2703.26. There are three elements required for a valid *lis pendens*: "(1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; and (3) the property or res involved must be sufficiently described in the pleadings." Brode, 2010 Bankr. LEXIS 2761 at 7 (quoting Beneficial Ohio, Inc. v. Ellis, 902 N.E.2d 452, 454-55 (Ohio 2009)). "[L]is pendens operates upon the filing of a judicial foreclosure suit in Ohio, if the subject property is specifically described, and that it provides constructive notice to all of the mortgagee's interest, whatever that may be." Treinish v. Norwest Bank Minn., N.A. (In re Periandri), 266 B.R. 651, 654 (B.A.P. 6th Cir. 2001); *accord* Pees v. Countrywide Home Loans, Inc. (In re Frost), 384 B.R. 781, 786 (Bankr. S.D. Ohio 2008).

      Ocwen argues that *lis pendens* applies and charges Plaintiff with constructive notice of its mortgage due to the foreclosure filing. Plaintiff argues that *lis pendens* does not apply because the third element is not met. Specifically, he argues that to satisfy the third element, the complaint must describe the mortgaged property sufficiently and, since the mortgage attached to the complaint contains an incorrect legal description, the foreclosure does not provide constructive notice. Ocwen counters Plaintiff's argument by noting that, despite the incorrect legal description attached to the mortgage, the complaint itself contains both the correct parcel numbers of the property and the correct legal description of the property.

      The court agrees with Ocwen that Plaintiff cannot avoid Ocwen's mortgage because *lis pendens* applies and, therefore, the decree of foreclosure provides constructive notice of Ocwen's interest to Plaintiff. *Accord* Brode, 2010 Bankr. LEXIS 2761 at 8. Plaintiff's argument that the complaint does not specifically describe the mortgage fails. First, Ocwen's complaint for foreclosure clearly includes the correct parcel numbers along with the correct legal description. These descriptions matched the legal description and parcel numbers on the vesting deed. By including those descriptions in the complaint, Ocwen put any bona fide purchaser on notice that it may have an interest in the property. Second, Plaintiff argues that the mortgage attached to the complaint contained the incorrect legal description. Ocwen included the mortgage as it was executed and when it was executed, it contained the incorrect legal description. Ocwen had no choice but to include the mortgage as it was executed with the wrong legal description. To make up for this, Ocwen set forth the entire, correct legal description within the complaint. Clearly, this, at the very least, put a bona fide purchaser on notice of Ocwen's potential interest and should prompt a bona fide purchaser to investigate further.

      The court finds that *lis pendens* applies to the decree of foreclosure, that the mortgage cannot be avoided pursuant to § 544(a)(3), and that Ocwen is entitled to summary judgment with respect to Plaintiff's claims pursuant to § 544(a)(3). Plaintiff is not entitled to summary judgment under 11 U.S.C. § 544(a)(3).

C.    *11 U.S.C. § 544(a)(1)*

      Plaintiff's complaint and cross-motion argue in the alternative that he had the rights of a judicial lien creditor pursuant to § 544(a)(1) to avoid any security interest that is unperfected as of the petition date.

      Section 544(a)(1) provides in applicable part:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

11 U.S.C. § 544(a)(1). Thus, the trustee may "avoid any interest that could have been voided by a creditor that obtained a judicial lien on all of the debtor's property at the moment before the bankruptcy was filed. Brode, 2010 Bankr. LEXIS 2761 at 4 (citing Musso v. Ostashko (In re Ostashko), 468 F.3d 99, 105 (6th Cir. 2006)).

When a mortgage is defective, the mortgagee holds an equitable mortgage in the property. Brode, 2010 Bankr. LEXIS 2761 at 4 (citing Zaptocky, 232 B.R. at 83). Judicial lien creditors are not considered bona fide purchasers for value and are not protected against defective mortgages. Zaptocky, 232 B.R. at 83. Thus, "[a]n equitable mortgage is not avoidable by a judicial lien creditor." Brode, 2010 Bankr. LEXIS 2761 at 4-5 (citing Zaptocky, 232 B.R. at 83). Since Ocwen's mortgage was defective, as discussed above, it holds an equitable mortgage in the property. Plaintiff is not considered a bona fide purchaser for value as a judicial lien creditor and is not protected against Ocwen's defective mortgage. Thus, Plaintiff is not able to avoid Ocwen's mortgage under § 544(a)(1).

The court finds that Plaintiff is not entitled to summary judgment under 11 U.S.C. § 544(a)(1).

D.   *11 U.S.C. § 547*

Having found that the mortgage was not perfected at the time of execution, but that *lis pendens* applies to provide constructive notice to Plaintiff and to protect the mortgage from avoidance under § 544(a)(3), the court must now determine whether Plaintiff can avoid the mortgage pursuant to § 547 because the notice of *lis pendens* occurred during the preference period.[2]

In pertinent part, § 547(b) provides that:

[T]he trustee may avoid any transfer of an interest of the debtor in property – (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made ... on or within 90 days before the date of the filing of the petition ...; and (5) that enables such creditor to receive more than such creditor would receive if – (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provides by the provisions of this title.

---

[2] Both Ocwen and Plaintiff only address the avoidance pursuant to § 547 as it relates to Ms. Votaw's bankruptcy case. Thus, the court will only address the applicability of § 547 with respect to Ms. Votaw's case, not Mr. Votaw's case.

7

11 U.S.C. § 547(b).

The Bankruptcy Code clearly sets forth the meaning and timing of perfection in relation to the avoidance of preferential transfers.

> [A] transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee.

11 U.S.C. § 547(e)(1)(A). "For purposes of § 547 of the Bankruptcy Code, a transfer is *deemed to have been made* at the time the transfer is perfected, if perfection takes place more than 30 days after its creation." Kendrick v. CIT Small Bus. Lending Corp. (In re Gruseck & Son, Inc.), No. 06-8091, 2008 Bankr. LEXIS 1030, at 23 (B.A.P. 6th Cir. Apr. 16, 2008).

The decree of foreclosure was entered on June 28, 2010 and Ms. Votaw filed for relief on August 30, 2010. Ocwen does not dispute that the decree of foreclosure was entered within the 90-day period before the filing of Ms. Votaw's petition. Rather, Ocwen argues that the decree of foreclosure does not constitute a "transfer" as defined in the Bankruptcy Code[3] because Ms. Votaw could redeem the property until the sale is confirmed. Plaintiff argues that, under the definition of "transfer" for preference actions, the filing of the notice of *lis pendens* is considered a "transfer" sufficient to avoid a preference under § 547.

Ocwen relies solely on § 101(54) for the definition of transfer in making its argument. However, this reliance is misplaced because § 547 utilizes a unique definition of transfer to describe when a transfer is perfected for purposes of preference actions, as set forth above. Courts have found that for preference purposes, the transfer is perfected as of the notice of *lis pendens*. Gruseck, 2008 Bankr. LEXIS 1030, at 23-24; *accord* Cleary, 2010 Bankr. LEXIS 2156, at 19-20; *see also* Goering v. Green Tree Fin. Servs. Corp. (In re Shaw), 2011 Bankr. LEXIS 1676, at 5-6 (Bankr. S.D. Ohio May 2, 2011).

The court finds that for purposes of § 547 the transfer occurred when the decree of foreclosure was entered on June 28, 2010. Ocwen perfected its interest in the real property by notice of *lis pendens* on June 28, 2010 when a decree of foreclosure was entered in its favor. Ocwen, by assignment from the original mortgagee, received an interest in the property on April 20, 2006. Therefore, since the decree of foreclosure was entered more than 30 days after the creation of Ocwen's interest, the transfer is deemed to occur at the entry of the decree of foreclosure. Thus, perfection occurred within the 90-day period preceding the petition date, satisfying the fourth element under § 547.

The only remaining issue is whether Plaintiff has established the other elements for a preference action under § 547 and the court finds that these elements have been

---

[3] "The term 'transfer' means–(A) the creation of a lien; (B) the retention of a title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or party with–(i) property; or (ii) an interest in property." 11 U.S.C. § 101(54).

8

established. Plaintiff made the barest of allegations as to the other elements of a preference and those were not contested by Ocwen.

The court finds that Plaintiff is entitled to summary judgment pursuant to 11 U.S.C. § 547 as to Ms. Votaw's interest in the property.

## **CONCLUSION**

Accordingly, Ocwen is granted summary judgment as to the First, Second, and Third Claims of Plaintiff's complaint and Plaintiff is granted summary judgment as to the Fifth Claim of his complaint. An order will be entered contemporaneously with this memorandum of opinion.

It is so ordered.

# # #

**Service List:**

William Todd Drown
Folland & Drown, LPA
112 N. Main St.
Mt. Vernon, OH 43050

Josiah L Mason
PO Box 345
153 W Main St
Ashland, OH 44805-2219

Amelia A Bower
Plunkett & Cooney
300 E Broad St

LeAnn E. Covey
The Law Offices of John D. Clunk LPA
4500 Courthouse Blvd
Suite 400
Stow, OH 44224-6839

Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409