**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 10:53 AM August 9, 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| REBECCA VOTAW, | ) | CASE NO. 10-63744 and 10-64405 |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | ADV. NO. 11-6087 |
| JOSIAH L. MASON, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| | ) | |
| OCWEN LOAN SERVICING, LLC, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

Now before the Court is Plaintiff's motion for summary judgment as to the fifth claim in the second amended complaint, filed February 22, 2013.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(F) and (O).

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

The Debtors to this adversary proceeding are Rebecca Votaw, who filed a voluntary petition seeking relief under chapter 7 of Title 11 on August 30, 2010 (bankruptcy case no. 10-63744), and Robert Richard Votaw, who filed a voluntary petition seeking relief under chapter 13 of Title 11 on October 28, 2010 (bankruptcy case no. 10-64405). On May 13, 2011, Robert Votaw's case was converted to a chapter 7. The court entered an order for joint administration on September 12, 2011 declaring the lead case to be 10-63744, Ms. Votaw's case.

Plaintiff filed a first amended complaint on October 31, 2011 seeking to avoid the mortgage held by Ocwen in Debtors' real property pursuant to 11 U.S.C. § 544 and to avoid the transfer of an interest in real property to Ocwen as a preference pursuant to 11 U.S.C. § 547.

On November 9, 2011, Mr. Votaw acquired the real property in dispute in this adversary proceeding, 1576 State Route 602, Galion, Ohio. The property consisted of two tracts of land, a 6.449 acre tract and a 12.618 acre tract. At some point after Mr. Votaw obtained the property, he sold one parcel (1.9151 acres) of the 12.618 acre tract to Crawford County Commissioners and one parcel (1.3287 acres) of the 12.618 acre tract to the State of Ohio. On September 10, 2003, Mr. Votaw conveyed the remaining property to himself and Ms. Votaw. On April 20, 2006, the Votaws granted a mortgage which was assigned to Ocwen on March 16, 2010. On March 22, 2010, Ocwen filed a complaint in foreclosure with reformation in the Court of Common Pleas for Crawford County, Ohio. A decree of foreclosure was entered on June 28, 2010 and a sheriff sale of the property was scheduled for September 10, 2010. When Ms. Votaw filed her bankruptcy on August 30, 2010, the sheriff sale was cancelled.

Two issues relating to Ocwen's mortgage gave rise to Plaintiff's complaint to avoid Ocwen's lien under § 544. First, when Mr. Votaw conveyed the property to himself and Ms. Votaw, the vesting deed incorrectly listed the property as "1578 State Route 602, Galion, Ohio," when it should have listed the property as "1576 State Route 602, Galion, Ohio." Despite the incorrect street address, the vesting deed contained the correct legal description of the property and the correct parcel numbers of the property.

Second, the mortgage contains an incorrect legal description for the property. Specifically, the mortgage contains the legal description for the two parcels that Mr. Votaw conveyed to Crawford County Commissioners and the State of Ohio, not the legal description for the parcels of the property that Mr. Votaw retained. Despite the incorrect legal description, the mortgage contained the correct street address and did not contain any parcel numbers.

Plaintiff's first amended complaint sought to avoid Ocwen's mortgage pursuant to § 544(a)(3) and, alternatively, to avoid Ocwen's mortgage pursuant to § 544(a)(1). Plaintiff also sought to avoid the transfer of any interest to Ocwen as a preference pursuant to § 547 to the extent

2

that *lis pendens* applies.

Ocwen and Plaintiff filed competing motions for summary judgment on the first amended complaint. On February 17, 2012, the Court entered a Memorandum of Opinion finding in favor of Ocwen on Counts 1, 2, and 3 against avoidance of the mortgage under 11 U.S.C. § 544 and finding in Plaintiff's favor on Count 5 determining that the mortgage can be avoided as a preference under 11 U.S.C. § 547.

On February 24, 2012, Ocwen appealed the Court's Memorandum of Opinion and Order to the Bankruptcy Appellate Panel for the Sixth Circuit Court of Appeals. On March 8, 2012, the state court entered an order vacating the decree of foreclosure. On September 17, 2012, the Bankruptcy Appellate Panel remanded the matter to this Court with instructions to vacate the February 17, 2012 order avoiding the decree of foreclosure as a preference due to the decree of foreclosure being vacated by the state court. On September 20, 2012, the Court entered an order vacating the February 17, 2012 order and granted leave to Plaintiff to amend the complaint.

On October 18, 2012, Plaintiff filed a second amended complaint as to the fifth claim only seeking avoidance of the mortgage under 11 U.S.C. § 547(b) by operation of 11 U.S.C. § 547(e)(2)(C). On February 22, 2013, Plaintiff filed a motion for summary judgment as to fifth claim in the second amended complaint. Ocwen filed a response to the motion for summary judgment on April 4, 2013 and Plaintiff filed a reply to Ocwen's response on April 11, 2013.

Plaintiff's motion for summary judgment argues that the mortgage is avoidable as a preference under 11 U.S.C. § 547(b). Under the facts at play his first motion for summary, Plaintiff argued that a transfer occurred pursuant to 11 U.S.C. § 547(e)(2)(A). Since the state court vacated the decree of the foreclosure, Plaintiff's instant motion for summary judgment argues that a transfer occurred pursuant to 11 U.S.C. § 547(e)(2)(C) because the mortgage was not perfected at the time of the filing of the bankruptcy.

In its response, Ocwen argues three substantive points against Plaintiff's motion for summary judgment. First, Ocwen argues that the mortgage was perfected when it was recorded on May 2, 2006. Second, Ocwen argues that Plaintiff cannot attack the mortgage a preference because Trustee was on notice of the mortgage by virtue of *lis pendens*. Third, Ocwen argues that the mortgage was in the chain of title and was granted by Debtor.

In his reply, Plaintiff procedurally challenges the affidavit of Amelia A. Bower, which is attached to Ocwen's response to authenticate the Uniform Residential Loan Application utilized as an exhibit. Substantively, Plaintiff argues that Ocwen cannot relitigate the validity of the mortgage. Further, Plaintiff argues that *lis pendens* does not create a valid mortgage because the Court held that the decree of foreclosure reforming the mortgage perfected Ocwen's interest and that decree of foreclosure was subsequently vacated. Additionally, Plaintiff argues that any constructive notice based upon the chain of title has no effect on the question of perfection for purposes of § 547.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 56(a), applicable to this proceeding by way of Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is not appropriate if a material dispute of the facts arises such that a "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In this case, no material facts are in dispute and, thus, summary judgment is appropriate.

Trustee argues that all elements for a preference action under 11 U.S.C. § 547(b) have been met. 11 U.S.C. § 547(b) provides that:

> [T]he trustee may avoid any transfer of an interest of the debtor in property—(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made—(A) on or within 90 days before the date of the filing of the petition; … and (5) enables such creditor to receive more than such creditor would receive if—(A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The Court previously found that Ocwen's mortgage was not valid at the time of execution. However, the Court also found that *lis pendens* applied to the decree of foreclose, which was entered on June 28, 2010 by the state court. Using *lis pendens* and the date of the decree of foreclosure, the Court found that for purposes of § 547 a transfer occurred on the date that the decree of foreclosure was entered. When the decree of foreclosure was later vacated, the Court's analysis for § 547 was nullified. Plaintiff continues to argue that § 547(b) applies but argues that because the mortgage was not perfected by the date of the filing of the petition, it is deemed perfected immediately before the date of the filing of the petition by operation of 11 U.S.C. § 547(e)(2)(C).

11 U.S.C. § 547(e)(2)(C) provides that:

> For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—…(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—(i) the commencement of the case; or (ii) 30 days after such transfer takes effect between the transferor and the transferee.

Ocwen's first argument is that the mortgage was perfected on May 2, 2006 at the time of recording. This Court previously found that "Ocwen perfected its interest in the real property by

4

notice of *lis pendens* on June 28, 2010 when a decree of foreclosure was entered in its favor."

"Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." Static Control Components, Inc. v. Lexmark Int'l, Inc., 697 F.3d 387, 400 (6th Cir. 2012) (quoting Hanover Ins. Co. v. Am. Eng'g Co., 105 F.3d 306, 312 (6th Cir. 1997)); *accord* Moxley v. Pfundstein, No. 1:10-CV-2912, 2012 U.S. Dist. LEXIS 146868, 12 (N.D. Ohio Oct. 11, 2012) ("The 'law of the case' doctrine 'discourages courts from reconsidering determinations that the court made in an earlier state of the proceedings.'" (quoting Bowles v. Russell, 432 F.3d 668, 676 (6th Cir. 2005))). "The [law of the case] doctrine precludes … reconsideration of the [previously decided issue] unless one of three 'exceptional circumstances' exists." Covington v. Mills, 253 Fed. Appx. 495, 499 n.2 (6th Cir. 2007) (quoting Coal Res., Inc. v. Gulf & W. Indus., Inc., 865 F.2d 761, 767 (6th Cir. 1989)). The three "exceptional circumstances" include: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." Covington, 253 Fed. Appx. at 499 n.2 (quoting Hanover Ins. Co. 105 F.3d at 312).

As stated above, the Court previously found that Ocwen perfected its interest through *lis pendens* and the decree of foreclosure. The case law precludes relitigation of the issue of perfection of the mortgage unless one of the three exceptional circumstances exist. Ocwen does not argue that any of the three exceptional circumstances arise and the Court does not find any arise. First, there is no substantially different evidence raised now. While the state court vacated the decree of foreclosure, it does not change the Court's determination that the mortgage was not perfected prior to the entry of the decree of foreclosure. The vacation of the decree of foreclosure rather acts to render the mortgage unperfected. Second, the Court has not found a subsequent contrary view of the law decided by a controlling authority. Third, the Court does not find its previous ruling to be clearly erroneous or to be a manifest injustice. Thus, Ocwen cannot relitigate the issue of perfection.

Since the Court previously found the mortgage to be perfected by *lis pendens* on the date of entry of the decree of foreclosure and the decree of foreclosure has since been vacated, Ocwen's mortgage is not perfected. By operation of § 547(e)(2)(C), since Ocwen's mortgage was not perfected at the commencement of the case, the transfer is deemed made immediately before the date of the filing of the petition and falls within the 90-day period before the filing of the petition required under § 547(b). The Court has previously found that all other elements of § 547(b) are met and Ocwen has not contested that these elements are met.

Ocwen's second argument is that Plaintiff cannot attack the mortgage as a preference because Plaintiff was on notice of the mortgage by virtue of *lis pendens*. Ocwen argues that due to *lis pendens*, Plaintiff can only utilize § 544(a)(1) to challenge the mortgage and the Court already decided the issue of § 544(a)(1) in Ocwen's favor. Ocwen's argument fails because the Court previously found *lis pendens* applied when the decree of foreclosure was entered and the decree of foreclosure was subsequently vacated. Therefore, there is no *lis pendens* in operation in

5

this matter and it, therefore, cannot preclude Plaintiff's arguments regarding § 547. As with the perfection issue, Ocwen cannot relitigate the issue of *lis pendens* because none of the three exceptional circumstances, discussed above, arise with respect to this issue.

Ocwen's final argument is that the mortgage is in the chain of title and was granted by the debtor. Plaintiff argues that Ocwen's argument misses the point and the Court agrees. Whether or not it can be argued that Plaintiff had notice of the mortgage through chain of title is irrelevant for purposes of § 547 and Ocwen does not assert that the chain of title is relevant for purposes of § 547. Therefore, Ocwen's third argument fails.

The Court will not address Plaintiff's procedural challenges to Ocwen's affidavit attached to its response because the court need not reach this question.

Based on the foregoing, the Court finds that Plaintiff established all elements of a preferential transfer under 11 U.S.C. § 547(b) and is entitled to summary judgment on the fifth claim of the second amended complaint. An order will be entered simultaneously with this opinion.

#  #  #

**Service List:**

William Todd Drown
Folland & Drown, LPA
112 N. Main St.
Mt. Vernon, OH 43050

Nancy Ashbrook Willis
6361 Crouch Road
Mount Vernon, OH 43050

Amelia A Bower
Plunkett & Cooney
300 E Broad St
#590
Columbus, OH 43215